IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRYL WRIGHT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-20-3203 |
| IBM, et al., | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Plaintiff Darryl Wright filed the above-captioned complaint on November 4, 2020, and paid the full filing fee. ECF No. 1. For the reasons stated below the complaint shall be dismissed.

Plaintiff filed a 155-page complaint that alleges that his former employer, IBM, and the other thirty-nine named Defendants[1] have conspired to "criminally surveil plaintiff and family inside and outside their home." ECF No. 1 at 4. Plaintiff asserts that Defendants have used the alleged surveillance "to plot past, present and future crimes," including stalking, defaming, filming, drugging, torturing, and psychologically traumatizing Plaintiff and his family. *Id.* at 4, 9, 12-17. He claims that Defendants have orchestrated a professional criminal enterprise, he

---

[1] Plaintiff names as Defendants IBM, Taco Mac, BWI Double Tree by Hilton, Carnival Cruise Line, Twin Peaks Kennesaw, La Quinta Inn Homewood, Capital Jazz Super Cruise Festival, Inner Harbor Baltimore Marriott Hotel, Marriott Woodland Hills, Marriott Grande Vista, Marriott Renaissance Hotel Santo Domingo, Riazor Hotel Santo Domingo, Sheraton Hotel Santo Domingo, BWI Sheraton Hotel, Four Point Sheraton Hotel Los Angeles, Sheraton Old San Juan Hotel, Sheraton Cancun Resort & Towers, Royal Lahaina, Outriggers Waikiki Beach Resort Honolulu, Aviation Inn, North Las Vegas, Dugan's Bar & Restaurant, Dave & Buster's Marietta, Doc's Bar and Restaurant, Isle of Verde Hampton Inn and Suites San Juan, Atlanta North Druid Hills Hampton Inn Hotel, BWI Embassy Suites Hotel, Ft. Lauderdale Embassy Suites, Palace Hotel San Francisco, The Grill Bar and Restaurant, Tropicana Casino Atlantic City, MGM Grand Las Vegas, Tidewater Condos, Splash Condos, Hyatt Regency New Orleans, LA Fitness Kennesaw, Pier Sixty-Six Hotel & Marina, Nik's Restaurant, La'Parilla Dallas, and Associated Credit Union Dobbins Air Force Base.

describes as a "lawsuit prevention protection racket," which for sixteen years has laundered money and used mob tactics to shield their clients from litigation. *Id.* at 5, 9. Plaintiff states that "the racket" is paid excessive fees to prevent Plaintiff's claims from reaching a court or jury. *Id.* at 7. Additionally, Plaintiff alleges that all of his friends have been coerced into working against him and that Defendants have connections with international, federal, state, and local law enforcement. *Id.* at 10, 46. Plaintiff requests injunctive relief to have Defendants remove all surveillance devices from Plaintiff's home, including illegal wire taps and tracking devices. *Id.* at 6. Plaintiff also seeks disclosure of information from the Defendants and monetary damages. *Id.* at 146-153.

This is not Plaintiff's first action against these Defendants. He filed *Wright v. IBM, et al.*, Civil Action No. WMR-20-3928 in the United States District Court for the Northern District of Georgia on September 22, 2020. On October 13, the court denied Plaintiff's motion for a temporary restraining order, and ordered him to show cause both why the complaint should not be dismissed and why any new actions filed by him against the same defendants or regarding the same issues should not be restricted to review of court before being allowed to be filed. ECF No. 16, Civil Action No. WMR-20-3928. Instead of responding to the show cause order, Plaintiff filed an "Emergency Motion to Dismissal" on October 29, 2020. ECF No. 21. This action was filed November 4, 2020.[2]

Plaintiff's claims may not proceed because he has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. Such

---

[2] An even earlier similar action, *Wright v. IBM, et al.*, Civil Action No. WMR-19-5213, was filed, and dismissed, in the United States District Court for the Northern District of Georgia. In that case, Judge Ray denied temporary injunctive relief, ECF No. 8, finding that Plaintiff had "failed to put forth any credible evidence to support his various and most unusual allegations." The case was dismissed on February 19, 2020, for failure to serve the defendants timely and properly.

lawsuits are subject to dismissal pursuant to the court's inherent authority, even where, as here, Plaintiff has paid the filing fee. *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (lack of subject matter jurisdiction over obviously frivolous complaint is subject to dismissal); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same). Plaintiff, who has been told on two prior occasions that these claims lack support, is cautioned not to continue his baseless attempts to sue these defendants.

Accordingly, the complaint will be dismissed without prejudice, and to the extent Plaintiff also seeks a temporary restraining order, the request is denied. A separate order follows.

December 4, 2020                                   _____/s/_____
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge